## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

PHOENIX ENERGY MARKETING, INC., )
d/b/a B/R ENERGY, )
 )
   **Plaintiff,** )
 )
v. ) **Case No. 16-CV-0681-CVE-JFJ**
 )
CHASE OIL CORPORATION, )
MACK ENERGY CORPORATION, )
and MACK C. CHASE, )
 )
   **Defendants.** )

## OPINION AND ORDER

 Now before the Court is Defendant Chase Oil Corporation's Motion for Leave to File an

Amended Answer and Counterclaims under Federal Rule of Civil Procedure 15 (Dkt. # 42).

Defendant Chase Oil Corporation (Chase Oil) requests leave to file an amended answer adding Brian

Broaddus as a party. Broaddus is the president of plaintiff Phoenix Energy Marketing, Inc. d/b/a

B/R Energy (Phoenix), and Chase Oil seeks leave to add Broaddus as a party on the theory that

Phoenix is the alter ego of Broaddus and that Broaddus should be held personally liable to Chase

Oil. Phoenix objects to Chase Oil's request on the grounds that the motion to amend is untimely and

futile. Dkt. # 46.

 On September 9, 2016, Phoenix filed a petition in Tulsa County District Court alleging

claims of breach of contract, unjust enrichment, and disclosure of proprietary information against

Chase Oil and Mack Energy Corporation (Mack Energy). Dkt # 2-4. Phoenix filed an amended

petition adding Mack C. Chase (Chase) as a party. Dkt. # 2-1. Chase filed a notice of removal (Dkt.

# 2) and all defendants consented to removal of the case to federal court. Each defendant filed a

motion to dismiss asserting that the Court lacked personal jurisdiction over them and that the case should be dismissed due to a similar lawsuit pending in New Mexico state court. Dkt. ## 13, 14, 15. Chase also argued that plaintiffs' amended petition failed to state a claim upon which relief could be granted. Dkt. # 13, at 14. On May 30, 2017, the Court entered an opinion and order finding that it lacked personal jurisdiction over Chase, but found that Chase Oil and Mack Energy had sufficient minimum contacts with Oklahoma for the Court to exercise personal jurisdiction over them. Dkt. # 30. The Court found that this case was not parallel to the case pending in New Mexico state court and declined to dismiss this case under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Chase Oil and Mack Energy have filed answers (Dkt. ## 33, 34) and they have also alleged counterclaims (Dkt. ## 44, 45) against Phoenix.

After ruling on the motions to dismiss, the Court ordered the parties to submit a joint status report describing the parties' claims and defenses and stating proposed scheduling deadlines. The parties submitted a joint status report, and they jointly requested a deadline of August 31, 2017 to add parties or amend pleadings. Dkt. # 35, at 3. The Court entered a scheduling order (Dkt. # 38) setting a deadline of August 31, 2017 for motions for joinder of additional parties or to amend pleadings. On August 31, 2017, Chase Oil filed a motion requesting leave to file an amended answer adding Broaddus as a party on the ground that he is the alter ego of Phoenix, and Chase Oil intends to assert third party claims against Broaddus. Dkt. # 42, at 2. The claims arise out of Chase Oil's business dealings with Broaddus and the various entities he controlled, and there are extensive allegations that Chase Oil dealt directly with Broaddus and that Broaddus never gave notice to Chase Oil that it was conducting business with the entity that is named as the plaintiff in this case. Dkt. # 42-1, at 13-15. The proposed amended answer includes allegations that Broaddus used the

various corporate entities as a sham, and Chase Oil seeks to hold Broaddus personally liable under a theory that Phoenix is the alter ego of Broaddus.  Id. at 23-24.

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."  Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006).  The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires."  Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004).  Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999).  Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay.  Minter, 451 F.3d at 1206.  "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend."  Duncan v. Manager, Dept' of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

Phoenix argues that Chase Oil has unduly delayed when seeking leave to amend, because this case was filed in September 2016 and Chase Oil knew of the facts supporting its third party claims against Broaddus at the time the case was filed.  However, Chase Oil filed a motion to dismiss (Dkt. # 14) this case for lack of personal jurisdiction, and it did not file an answer until June 2017.  The period of time from September 2016 to June 2017 should not be counted against Chase Oil, because it had a legitimate, even if ultimately unsuccessful, argument that this Court lacked personal jurisdiction over it and it was not obligated to file an answer or counterclaims until the motion to dismiss was resolved.  The Court also notes that in the joint status report the parties agreed

to a deadline of August 31, 2017 to file motions to amend pleadings or add parties, and Chase Oil's motion to amend was filed within the parties' agreed deadline. The Court finds that Chase Oil's motion to amend is timely, and undue delay is not a reason to deny Chase Oil's motion to amend.

Phoenix could be arguing that it would be futile to allow Chase Oil to assert third party claims against Broaddus, because Broaddus anticipates that he will file a motion to dismiss any claims asserted against him. Dkt. # 46, at 3. However, Phoenix fails to explain the legal basis for the anticipated motion to dismiss, and the mere fact that Broaddus asserts that he is not a proper party does not show that Chase Oil's third party claims against him would be futile. A party's conclusory statement that he will file a motion to dismiss does not show that a proposed amendment would be futile. Kastner v. Intrust Bank, 2011 WL 721483, *2 (D. Kan. Feb. 22, 2011). Phoenix has not provided the Court any basis to evaluate its assertion that the proposed third party claims against Broaddus would be futile, and the Court will not deny Chase Oil's motion to amend on the ground of futility.[1]

The Court finds that Chase Oil's motion to amend should be granted, and Chase Oil should be permitted to file an amended answer adding Broaddus as a party. The motion to amend is timely and Phoenix has not shown that it will suffer any prejudice if Chase Oil is permitted to add Broaddus as a party and assert third party claims against him.

---

[1] Phoenix's response (Dkt. # 46) to the motion to amend suggests that Broaddus will argue that he is not a proper party, because he claims that acted in his capacity as the president of Phoenix at all times when conducting business with Chase Oil. It appears that the allegations of the proposed amended answer adequately allege that Phoenix was the alter ego of Broaddus, and this argument would not be a basis to deny Chase Oil's motion to amend.

**IT IS THEREFORE ORDERED** that Defendant Chase Oil Corporation's Motion for Leave to File an Amended Answer and Counterclaims under Federal Rule of Civil Procedure 15 (Dkt. # 42) is **granted**. Chase Oil may file an amended answer no later than **October 6, 2017**.

**DATED** this 3rd day of October, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE