UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHOENIX ENERGY MARKETING, INC., ) <br> d/b/a B/R ENERGY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHASE OIL CORPORATION and, ) <br> MACK ENERGY CORPORATION, ) <br> ) <br> Defendants and ) <br> Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BRIAN F. BROADDUS, ) <br> ) <br> Third-Party Defendant. ) | Case No. 16-CV-0681-CVE-JFJ |

## OPINION AND ORDER

Now before the Court are Third Party Defendant Brian Broaddus's Special Entry of Appearance and Motion to Dismiss (Dkt. # 56) and Plaintiff Phoenix Energy Marketing, Inc's Motion to Dismiss Defendant Chase Oil Corporation's Counterclaims (Dkt. # 57). Phoenix Energy Marketing, Inc. (Phoenix) asks the Court to dismiss Chase Oil Corporation's (Chase Oil) counterclaims or abstain from hearing the counterclaims, because there is a parallel lawsuit pending in New Mexico and it would be a waste of the Court's and the parties' resources to litigate the same claims in this case. Dkt. # 57. Brian F. Broaddus argues that he cannot be sued for the actions of Phoenix, because he claims that he was acting as an officer or employee of Phoenix and that Chase Oil's third-party claims do not make a colorable argument for piercing the corporate veil. Dkt. # 56.

**I.**

On September 9, 2016, plaintiff filed this case in Tulsa County District Court, alleging that it was doing business as B/R Energy when B/R Energy into an agreement with Chase Oil in 1996.[1] Dkt. # 2-4, at 1. Under the agreement, Chase Oil agreed to pay B/R Energy a monthly fee to provide services related to the distribution of royalties. Id. at 2. Plaintiff claims it was operating under the name of B/R Energy, and it also claims that most of its business dealings were with employees of Mack Energy Corporation (Mack Energy) rather than Chase Oil. Id. at 2. Plaintiff claims that employees of Mack Energy contacted B/R Energy to gather information requested by the United States Department of the Interior, Office of Natural Resources Revenue (ONRR), concerning an inquiry into Chase Oil's payment of a federal royalty on oil and gas revenue. Id. at 6. ONRR was seeking information about the possible underpayment of royalties from 2008 to 2013, and plaintiff alleges that Chase Oil had all of the information needed to respond to ONRR's requests. Id. Plaintiff claims that it performed a substantial amount of work to gather the information requested by Chase Oil, and Chase Oil has refused to pay an invoice in the amount of $56,000 for B/R Energy's services. Id. at 7. Plaintiff alleged claims of breach of contract, unjust enrichment, and disclosure of proprietary information against Chase Oil and Mack Energy. Plaintiff filed an amended petition (Dkt. # 2-1) adding Mack C. Chase as a party, based on allegations that Mack

---

[1] Plaintiff alleges that B/R Energy Partners, Inc. is the corporate predecessor to Phoenix, and that it was B/R Energy Partners, Inc. that entered into contracts with Chase Oil. Dkt. # 2-1, at 2. Plaintiff's petition and amended petition make no distinction between Phoenix and other B/R Energy entities, and for the purpose of this Opinion and Order the Court will simply refer to the party in interest as plaintiff. However, plaintiff is cautioned that the identity of the party or parties that actually conducted business with defendants is a critical issue, and plaintiff must specifically identify each entity being referred to in all future filings.

Energy was not a corporation in good standing, and that Mack C. Chase was personally liable for the debts and obligations of Mack Energy. Dkt. # 2-1, at 2.

Mack C. Chase removed the case to this Court on the basis of diversity jurisdiction, and Mack Energy and Chase Oil consented to removal. Dkt. # 2, at 3. Each of the defendants filed a motion to dismiss. Mack C. Chase, Chase Oil, and Mack Energy argued that the Court lacked personal jurisdiction over them, and they also asked the Court to dismiss the case due to a parallel lawsuit pending in New Mexico.[2] Dkt. ## 13, 14, 15. In response, plaintiff argued that the Court had personal jurisdiction over each of the defendants. Dkt. ## 20, 21, 22. Plaintiff also argued that this case was not parallel to the New Mexico case, because the New Mexico case was filed by Chase Oil and concerns a different written agreement that is not at issue in this case. Plaintiff discussed the factors for dismissal or abstention under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), and argued that factors of judicial economy and convenience of the parties did not support dismissal of this case. Dkt. # 20, at 27-29. The Court found that it had personal jurisdiction over Chase Oil and Mack Energy, but it found that Mack C. Chase had no contacts with Oklahoma and he was dismissed as a party for lack of personal jurisdiction. Dkt. # 30, at 13. The Court declined to dismiss the case under Colorado River, because it found that the cases were not parallel. The New Mexico case arose out of the same business relationship at issue in this case, but Mack Energy is not a party in the New Mexico case and resolution of the New Mexico case would not dispose of plaintiff's claims against Mack Energy. Id. at 19.

---

[2] Chase Oil filed a lawsuit in New Mexico state court against The B/R Energy Group, B/R Energy Inc., Broaddus, and Phoenix alleging claims of breach of the duty of good faith and fair dealing, indemnity, and accounting. Dkt. # 13-1. Chase Oil states that Phoenix was organized in 2001 and was not a party to the original agreements, and that Chase Oil never had notice that it was conducting business with Phoenix. Id. at 2, 5.

3

Chase Oil filed an answer and also asserted counterclaims against plaintiff for breach of duty of good faith and fair dealing, breach of contract, conversion, and indemnity. Dkt. # 33. Mack Energy also filed an answer that included a counterclaim for breach of contract, and Mack Energy seeks a declaratory judgment that it never entered a contract with plaintiff. Dkt. # 34. Chase Oil filed a motion for leave to file an amended answer and counterclaims adding Broadus as a third-party defendant, because Chase Oil alleged that Broaddus is the alter ego of plaintiff. Dkt. # 42. Plaintiff responded that Chase Oil unduly delayed in filing a motion to amend, because Chase Oil knew about the facts giving rise to its counterclaims due to discovery exchanged in the New Mexico case. The Court granted Chase Oil's motion to amend, because the motion was filed within the deadline in the scheduling order to file a motion to amend or add parties and undue delay was not a reason to deny the motion to amend. Dkt # 48, at 4. Plaintiff argued that Broaddus would likely file a motion to dismiss any third-party claims asserted against him, but failed to explain the legal basis for any proposed motion to dismiss and failed to show that Chase Oil's proposed claims against him would be futile. Id.

Chase Oil filed its amended answer, including counterclaims against plaintiff and third-party claims against Broaddus. Chase Oil alleges that Broaddus initially began conducting business with Chase Oil using the corporate entity known as BR Energy Partners, Inc. (BREPI). Dkt. # 50, at 3. Broaddus allegedly operated BREPI using the trade name B/R Energy, Inc., and over the years B/R Energy, Inc. has been used as a trade name for various corporate entities operated by Broaddus. Id. One of these entities operated by Broaddus is Phoenix, and Chase Oil claims that it never knew that it was conducting business with Phoenix due to Broaddus' use of a trade name. Id. Chase Oil claims that it entered a letter agreement with BREPI on December 1, 1996, under which BREPI

4

agreed to purchase and market Chase Oil's natural gas, and this agreement was replaced by more formal written agreements in 1997 and 1998. Id. at 4. Chase Oil alleges that the B/R entities used third parties to perform services under the parties' agreement and that Chase Oil was overcharged for these services. Id. at 4-5. Regardless of the identity of the B/R entity, Chase Oil asserts that Broaddus was the president of each entity and that Broaddus conducted business under the "deceptively similar name of 'B/R Energy'" without notifying Chase Oil of the actual entity with which it was conducting business. Id. at 5-6. In early 2014, ONRR notified Chase Oil that it believed that Chase Oil had underpaid royalties to the United States, and ONRR refused to seek information from Broaddus due to his unprofessional behavior. Id. at 7. Chase Oil claims that the information needed to respond to ONRR's request for information was exclusively in the control of Broaddus and third-party vendors, and Chase Oil was required to settle with ONRR even though Chase Oil believed that it had not underpaid royalties to ONRR. Id. at 8. Chase Oil states that it has also gathered information suggesting that Broaddus has used his entities to either negligently or intentionally keep over $1 million in revenue owed to Chase Oil. Id. at 8. In its amended answer, Chase Oil asserts counterclaims against plaintiff for breach of the covenant of good faith and fair dealing, breach of contract, conversion, indemnity, accounting, and unjust enrichment. Chase Oil asserts that Broaddus is personally liable to Chase Oil, because he used the B/R entities to perpetrate a fraud on Chase Oil and he made no distinction between his personal finances and the operation of the B/R entities. Id. at 14-15.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is

5

properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Broaddus argues that the third-party claims asserted against him should be dismissed, because the amended answer fails to state sufficient facts that, if proven, would permit the Court to disregard the corporate entity of plaintiff as a matter of Oklahoma law. Dkt. # 56. Plaintiff argues that Chase Oil's counterclaims should be dismissed under Colorado River, because Chase Oil has asserted the same claims in the New Mexico case and New Mexico is a more convenient forum to

hear these claims. Dkt. # 57, at 5. Chase Oil acknowledges that the counterclaims alleged in this case are identical to claims asserted in the New Mexico case, but Chase Oil responds that plaintiff chose to file this case in the Northern District of Oklahoma and it cannot complain about any inconvenience or the risk of piecemeal litigation from Chase Oils' assertion of compulsory counterclaims in this case. Dkt. # 62, at 2. Chase Oil also argues that Broaddus used his various B/R entities to perpetrate a fraud and convert Chase Oil's assets, and Chase Oil asserts that it has alleged sufficient facts that would support piercing the corporate veil of plaintiff. Dkt. # 61, at 4-5.

### A.

Plaintiff asks the Court to dismiss Chase Oil's counterclaims under Colorado River, because the same claims are being litigated in the New Mexico case and the parties have already expended substantial resources in the earlier-filed action. "As a general rule, 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" D.A. Osguthorpe Family P'ship v. ASC Utah, Inc., 705 F.3d 1223, 1233 (10th Cir. 2013) (quoting Colorado River, 424 U.S. at 817). However, under Colorado River, a district court may dismiss a federal suit in favor of a pending state proceeding for "reasons of wise judicial administration" such as "conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817-18. Because the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," dismissing a case under Colorado River is appropriate only in "exceptional" circumstances. Fox v. Maulding, 16 F.3d 1079, 1081 (10th Cir. 1994) (quoting Colorado River, 424 U.S. at 817-18); see also Rienhardt v. Kelly, 164 F.3d 1296, 1303 (10th Cir. 1999) ("[B]ecause the Colorado River Doctrine is an exception to our

7

jurisdictional mandate from Congress, the Doctrine may only be used when 'the clearest of justifications . . . warrant[s] dismissal.'") (quoting Colorado River, 424 U.S. at 818).

Determining whether a federal court may decline to exercise jurisdiction under Colorado River is a two step process. First, the court must determine whether the state and federal proceedings are parallel. Id. If the proceedings are parallel, the court then considers a number of factors the Supreme Court has set out to determine whether "exceptional circumstances" exist. Id. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." Fox, 16 F.3d at 1081 (quoting New Beckley Mining Corp. v. Int'l Union, UMWA, 946 F.2d 1072, 1073 (4th Cir. 1991)). In determining whether proceedings are parallel, courts should not "consider how the state proceedings could have been brought, i.e., what claims and parties could have been included had the federal plaintiff made a timely application to do so." Id. Instead, courts should "examine the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings." Id. It is "a serious abuse of discretion" to stay or dismiss a case under Colorado River if the state court proceedings will not completely and promptly resolve the issue between the parties. Id.

Chase Oil concedes that its counterclaims are identical to the claims being litigated in the New Mexico case and that both cases are parallel as to the counterclaims. However, neither plaintiff nor Chase Oil has cited any authority that a federal district court can partially dismiss or stay a case under Colorado River, and it is not clear that Colorado River applies when only part of a case is parallel to a state court action. In Colorado River, the Supreme Court stated that the key principles supporting abstention or dismissal of a parallel case are "conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817. Staying or dismissing

8

Chase Oil's counterclaims will not promote either of these goals. Even if the Court were to dismiss Chase Oil's counterclaims, this case and the New Mexico case will both remain pending, and two courts will be hearing claims arising out of the same business relationship. In other words, there will be no conservation of judicial resources if Chase Oil's counterclaims are dismissed or stayed. A ruling by the state court will also not provide a comprehensive disposition of the litigation, because plaintiff has chosen to file a separate lawsuit in this Court arising out of the same business relationship, and it alleges that its claims arise out of a contract that is not at issue in the New Mexico case. There could be an overlap of issues in these cases and issues of preclusion depending on which court first enters judgment, but this by itself is not sufficient to warrant abstention. The Court also notes that plaintiff cannot complain about the inconvenience of defending against Chase Oil's counterclaims in this Court when it was plaintiff that chose to file this case in Oklahoma. The Court finds that it would not be in the interests of judicial economy or comity to abstain from hearing Chase Oil's counterclaims, and plaintiff's motion (Dkt. # 57) to abstain or dismiss under Colorado River is denied.

**B.**

Broaddus argues that a corporate officer is generally shielded from liability for acts undertaken on behalf of the corporation, and he asserts that Chase Oil has not alleged sufficient facts to pierce the corporate veil. Dkt. # 56, at 3-4. Broaddus also cites OKLA. STAT. tit. 12, § 682 and claims that Chase Oil cannot assert claims directly against him until it obtains a judgment against plaintiff. Id. at 6. Chase Oil responds that it has adequately alleged that Broaddus used the corporate entity to perpetrate acts of fraud and convert assets belonging to Chase Oil, and the

9

allegations of the amended answer, if proven, would be sufficient for the Court to disregard the corporate entity.

Oklahoma follows the general rule that a corporation is separate and distinct legal entity from the individuals who act on behalf of the corporation, but "Oklahoma has long recognized the doctrine of disregarding the corporate entity in certain circumstances." Fanning v. Brown, 85 P.3d 841, 847 (Okla. 2004). "Officers and directors are not generally liable for a corporation's breach of contract absent some wrongful personal conduct on which liability can be imposed, or unless they voluntarily assume some corporate obligation." Smoot v. B & J Restoration Servs., Inc., 279 P.3d 805, 813-14 (Okla. Civ. App. 2012). "Oklahoma permits the court to disregard the corporate entity if used (1) to defeat public convenience, (2) justify wrong, (3) to perpetrate fraud whether actual or implied, or (4) to defend crime." In re Matter of Rahill, 827 P.2d 896 (Okla. Civ. App. 1991). However, piercing the corporate veil is an extraordinary remedy that should be used sparingly. Puckett v. Cornelson, 897 P.2d 1154 (Okla. Civ. App. 1995).

Chase Oil states that it entered into a letter agreement with BREPI in December 1996 under which BREPI agreed to market and sell natural gas from Chase Oil's wells in northwest New Mexico. Dkt. # 50, at 3. BREPI operated under the trade name B/R Energy, and Broaddus used the trade name when communicating with Chase Oil. Id. BREPI and Chase Oil subsequently executed new agreements in 1997 and 1998, but in 2001 Broaddus formed a new entity, Phoenix. Id. at 6. Broaddus began conducting business with Chase Oil through the new entity, but he failed to notify Chase Oil that it was no longer dealing with BREPI. Id. Chase Oil alleges that "Broaddus and his entities were in a state of flux for nearly twenty years," but that Broaddus failed to bring the shifting identity of his corporate entities to the attention of Chase Oil. Id. at 7. ONRR sought information

from Broaddus about the possible underpayment of royalties by Chase Oil, and Broaddus refused to comply with the requests for information and engaged in "intemperate or unprofessional conduct." Id. Due to Broaddus' conduct, ONRR contacted Chase Oil in an attempt to gather more information, but the information concerning the costs paid to third parties for gathering, processing, dehydration, and compression was in the possession of Broaddus. Id. Chase Oil could not provide the missing information to ONRR and Chase Oil claims that it was forced to settle with ONRR, even though Chase did not believe that it actually underpaid royalties to ONRR. Id. at 8. Broaddus was the president and sole director of plaintiff, and Chase Oil alleges that Broaddus "controlled and managed [p]laintiff in a manner that its affairs were indistinguishable from Broaddus' affairs." Id. at 15. Further, Chase Oil claims that Broaddus converted assets belonging to Chase Oil for his own personal gain. Id. at 11-12.

The Court finds that the allegations of the amended answer are sufficient to state a colorable basis for disregarding the corporate entity of plaintiff and imposing personal liability on Broaddus. Chase Oil alleges that Broaddus abused his position as the president and sole director of plaintiff and that he made no distinction between his personal affairs and the business of plaintiff. Id. at 15. Chase Oil also alleges that Broaddus operated B/R Energy using various corporate entities, but Broaddus failed to notify Chase Oil that it was no longer doing business with BREPI. In addition, Chase Oil claims that Broaddus engaged in unprofessional conduct that caused Chase Oil to incur substantial liability to ONRR for the underpayment of royalties. The Court has also compared the amended petition filed by plaintiff and Chase Oil's counterclaims, and it is apparent that there is confusion as to with which entity or entities Chase Oil was conducting business. Chase Oil alleges that this confusion was intentional on the part of Broaddus, and at this stage of the case the Court

11

finds that this is a well pleaded allegation that must be accepted as true. Chase Oil has stated sufficient facts which, if proven, could permit the Court to disregard the corporate status of plaintiff.

Broaddus also argues that he cannot be held liable for the acts of plaintiff under OKLA. STAT. tit. 12, § 682.B. Section 682.B. states that:

> No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation, not within the scope of their role as an officer, director or shareholder, arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

OKLA. STAT. tit. 12, § 682.B. This statute prohibits a person from filing suit against an officer or director based solely on the person's status as an officer or director, but it does not prevent a person from being sued directly for his own conduct. Sauders v. Magnum Nursing Center, LLC, 377 P.3d 180, 183-84 (Okla. Civ. App. 2016). A party seeking to sue a corporate officer or director must still show that piercing the corporate veil is otherwise permitted under Oklahoma law, but the Oklahoma Supreme Court has not interpreted the statute to bar all claims against a corporate officer or director. Maree v. Neuwirth, 374 P.3d 750, 753-54 (Okla. 2016). The Court has already determined that Chase Oil has alleged sufficient facts that could support piercing the corporate veil based on Broaddus' personal conduct, and § 682 does not prohibit Chase Oil from bringing counterclaims against Broaddus.

**IT IS THEREFORE ORDERED** that Third Party Defendant Brian Broaddus's Special Entry of Appearance and Motion to Dismiss (Dkt. # 56) and Plaintiff Phoenix Energy Marketing, Inc's Motion to Dismiss Defendant Chase Oil Corporation's Counterclaims (Dkt. # 57) are **denied**.

**DATED** this 14th day of December, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE